## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL RUOSS AND HEATHER RUOSS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-7353** |
| **THE STANDARD FIRE INSURANCE COMPANY and ALLIANCE INSURANCE AGENCY SERVICES, INC.** | **SECTION "K"(2)** |

### *ORDER AND OPINION*

Before the Court are the "Motion for Summary Judgment" filed on behalf of plaintiffs Heather and Michael Ruoss seeking judgment on their claims against Alliance Insurance Agency Services, Inc. (Doc. 10), and the "Motion for Summary Judgment" filed on behalf of defendant Alliance Insurance Agency Services, Inc. seeking to dismiss plaintiff's claims against it (Doc. 13). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, denies both motions.

BACKGROUND

Michael and Heather Ruoss own the home at 1001 Mazant Street in New Orleans. At all relevant times, The Standard Fire Insurance Company ("Travelers") insured the property through the National Flood Insurance Program ("NFIP").

On May 12, 2005, Heather Ruoss  paid Alliance Insurance Agency Services, Inc., her insurance broker, $16.00 to increase the building coverage under the flood insurance policy  from $79,000 to $190,000.  Alliance gave Mrs. Ruoss a receipt for the $16.00 as well as a computer print-out entitled "Endorse Policy 6002468848" which reflected building coverage of $160,000 and a policy term date ending August 21, 2005.  However, apparently as a result of computer difficulties,

the request for the increase in coverage was never processed by Travelers.

The flood insurance policy renewed on August 21, 2005,  and was in effect on August 29, 2005, when Hurricane Katrina struck New Orleans.  The Ruosses' home sustained significant flood damage due to the storm.  Michael and Heather Ruoss filed a claim with Travelers to recover for the damages to their property.  In September 2005, Alliance notified Heather Ruoss that Traveler's had taken the position that the flood policy provided building coverage of only $79,000.  Thereafter Travelers paid the Ruosses $79,000.

On August 28, 2006, Heather and Michael Ruoss filed suit in state court against Travelers seeking to recover an additional $91,000 for flood damage (for a total of $160,000), as well as against Alliance  contending that, in the event the building coverage was not increased to $160,000, that Alliance was negligent for failing to obtain the  increased  coverage  and was liable for the $91,000 difference in coverage.   Alliance timely removed the matter this court.

LAW AND ANALYSIS

Plaintiffs filed a motion for summary judgment seeking to recover the disputed $91,000 in building coverage.  Alliance opposes that  motion contending that plaintiffs' claim is preempted under La. Rev. Stat. 9:5606, and filed its own motion for summary judgment seeking to dismiss the Ruosses claim as perempted.

The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its

motion, and identifying those portions of the record which it believes demonstrate the absence of

a genuine issue of material fact. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir.1996) (*citing*

*Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.1992) (*quoting Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 323 (1986), cert. denied, 506 U.S. 832 (1992)). When the moving party has

carried its burden under Rule 56(c), its opponent must do more than simply show that there is some

metaphysical doubt as to the material facts. The nonmoving party must come forward with "specific

facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U .S. 574, 587 (1986); *Tubacex, Inc. v. M/V RISAN*, 45 F.3d 951, 954 (5th Cir.1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the

nonmoving party, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 588.

Finally, the Court notes that substantive law determines the materiality of facts and only "facts that

might affect the outcome of the suit under the governing law will properly preclude the entry of

summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Alliance asserts that plaintiffs' claim for failure to secure the increased  building coverage

is perempted by the terms of La. Rev. Stat. §9:5606[1]  which provides in pertinent part that:

> No action for damages against any insurance agent, broker . . . .
> whether based upon tort, or breach of contract, or otherwise, arising
> out of an engagement to provide insurance services shall be brought
> unless filed in a court of competent jurisdiction and proper venue
> within one year from the date of the  alleged act, omission, or neglect,
> or within one year from the date of the alleged act, omission, or
> neglect is discovered or should have been discovered.  However,
> even as to actions filed within one year from the date of discovery, in
> all events such actions shall be filed at the latest within three years

---

[1] Because jurisdiction in this case is grounded on 28 U.S.C. §1332,  the Court is *Erie* bound to apply Louisiana substantive law. *Erie Railroad  Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 83 L.Ed.2d 1188 (1938).

from the date of the alleged act, omission, or neglect.

The statute further provides that the described limitation periods are peremptive periods and may not be renounced, interrupted, or suspended. La. Rev. Stat. §9:5606.

It is undisputed that plaintiffs filed suit within one year of August 29, 2005, the date their property sustained damage due to Hurricane Katrina. However, under Louisiana law a limitation period may commence prior to the injured party having actual knowledge of the facts that would entitle him to file suit as long as the party has constructive knowledge of the facts that would entitle him to file suit. *Campo v. Correa*, 828 So.2d 502, 510-511 (La. 2002). Constructive knowledge "is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry." *Id.*

The renewal notice generated by Travelers showed coverage in the amount of $79,000, not the increased amount requested by the Ruosses. It is well established that an insured has a duty to read and to know the provisions of his insurance policy. *Veron v. Talamo*, 2006 WL 3759561 at *2 (E.D. La. Dec. 19, 2006); *see also Motors Insurance Co. v. Bud's Boat Rental, Inc.*, 917 F.2d 199, 205 (5th Cir. 1990). Therefore, if the Ruosses received the renewal notice, the receipt of that notice would constitute constructive knowledge of the failure by Alliance to secure the increased coverage and would be sufficient to trigger the commencement of the limitation period. If however, the Ruosses did not receive the renewal notice, then they would not have had notice of the failure to obtain the increased coverage until after Hurricane Katrina damaged their home, and their suit would not be perempted.[2]

---

[2]Alliance does not suggest that any act other than receipt of the renewal notice would have provided the Rousses with constructive knowledge of the failure to increase the policy limit as requested.

4

Alliance offers no direct evidence that either Michael or Heather Ruoss received the renewal notice. Rather, Alliance relies upon the affidavit of Manuel DePascual, its president, which states that "[t]he . . . renewal notice would have been mailed to the insured approximately one month before the renewal date of August 21, 2005." (Doc. 13-5). Heather Ruoss submitted a declaration stating that neither she nor her husband Michael Ruoss "received a copy of the 'Flood Insurance Renewal Notice' referred to in the Affidavit of Manuel DePascual." (Doc. 15-4). Michael Ruoss executed a declaration stating that he never received the renewal notice. Thus, there is a dispute as to whether the Ruosses received the renewal notice.

In an attempt to pretermit the issue of whether the Ruosses actually received the renewal notice, Alliance attempts to invoke the legal presumption that a document properly addressed and mailed is presumed to have been delivered. While there is a presumption that once a properly addressed item is mailed, it is received by the addressee, the presumption attaches only after "proper mailing" is established. *Gulf Coast Inv. Corp. v. Secretary of Housing and Urban Development*, 509 F.Supp. 1321, 1325 (E.D. La. 1980).

In addition to Mr. DePascual's affidavit, Alliance points to its receipt of the renewal notice as circumstantial evidence that Travelers mailed the renewal notice to the Ruosses.[3] Additionally, based on the fact that Travelers received a premium to renew the policy, Alliance urges that Citimortage, Inc., the Ruosses' first mortgage holder received a copy of the renewal notice and paid the premium.

Alliance contends that the evidence of the receipt of the renewal notice by it and

---

[3]  The renewal notice includes the Ruosses' correct mailing address.

Citimortgage, coupled with Mr. DePascual's affidavit is sufficient to establish the mailing of the

renewal notice to the Ruosses so that the presumption of delivery applies.  The Court disagrees.

> [T]he fact of mailing, where that fact is an important one, must be
> proven, like any other fact, by direct or circumstantial evidence, and
> that where there is no direct evidence of mailing, it is not sufficient
> proof of mailing to offer testimony merely that the general custom of
> an office was to mail all letters and notices.
>
> The better rule, and that which seems to be established by the weight
> of authority, is that in the absence of direct evidence that there must
> be proof of an invariable custom or usage in an office of depositing
> mail in a certain receptacle, that the letter in question was deposited
> in such receptacle, and in addition there must be testimony of the
> employee whose duty it was to deposit the mail in the post office, that
> he either actually deposited that mail in the post office. or that it was
> his invariable custom to deposit every letter left in the usual
> receptacle, and that he never failed in carry out that custom.

*United States ex rel Helmecke v. Rice*, 281 F. at 331.

Traveler's was responsible for mailing the notice of renewal to the Ruosses.  Alliance's only

evidence concerning the mailing procedure is a statement in Manuel DePascual's affidavit that "[t]he

same renewal notice would have been mailed to the insured approximately one month before the

renewal date of August 21, 2005."   As an insurance broker for Travelers' policies, it is not

unexpected that Mr. DePascual would be familiar with the general custom of mailing an insured a

renewal notice approximately one month before a policy expires.   However, the affidavit is

insufficient to establish the Travelers' invariable custom or usage regarding the mailing of the

renewal notices. Alliance has failed to establish the requisite foundation for applying the

presumption that a letter properly addressed and mailed has been delivered.

The Ruosses' declarations and Manuel DePascual's affidavit create a genuine issue of

material fact concerning whether the Ruosses had constructive notice prior to August 28, 2005 of

Alliance's failure to obtain the requested insurance coverage. Accordingly, the motions for summary judgment are denied. The Court notes that additional discovery may reveal facts establishing or negating that prior to August 28, 2005, the Ruosses had constructive notice of the failure to secure the increased building coverage. If a party discovers such evidence, they are free to reurge, within the deadlines established by the Court for filing dispositive motions, a new motion for summary judgment.

New Orleans, Louisiana, this 20th day of November, 2007.

_____

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE